ANDY A. MIRI (SBN 234328)
LAW OFFICES OF ANDY MIRI
2973 Harbor Blvd. #162
Costa Mesa, CA 92626
Telephone: (949) 702-4005
Email: andymiriesq@gmail.com

Attorney for Petitioner ABNER DANIEL LOPEZ MARTINEZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABNER DANIEL LOPEZ MARTINEZ,<br>A# 209-193-327,<br><br>Petitioner,<br><br>v.<br><br>DAVID VENTURELLA, Acting Director of U.S. Customs and Border Protection; ERIC PINHERO, Warden of Adelanto ICE Processing Center; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | Case No. ___________________<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 CHALLENGING UNLAWFUL ARREST AND CONTINUED IMMIGRATION DETENTION; REQUEST FOR IMMEDIATE RELEASE OR, ALTERNATIVELY, PROMPT CONSTITUTIONALLY ADEQUATE BOND HEARING |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. JURISDICTION ........................................................................ 3

III. VENUE ........................................................................ 4

IV. PARTIES ........................................................................ 4

V. FACTUAL ALLEGATIONS ........................................................ 5

VI. LEGAL FRAMEWORK ........................................................ 7

VII. CLAIM ONE - FIFTH AMENDMENT PROCEDURAL DUE PROCESS ........ 9

VIII. CLAIM TWO - MEANINGFUL INDIVIDUALIZED BOND HEARING ....... 11

IX. CLAIM THREE - BURDEN OF PROOF AND ALTERNATIVES ............... 13

X. CLAIM FOUR - HABEAS RELIEF FROM UNLAWFUL CUSTODY ............ 14

XI. PRAYER FOR RELIEF ........................................................ 15

VERIFICATION ........................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

Demore v. Kim, 538 U.S. 510 (2003) ....................................... 6

Jennings v. Rodriguez, 583 U.S. 281 (2018) ............................. 6

Landon v. Plasencia, 459 U.S. 21 (1982) ................................... 8

Mathews v. Eldridge, 424 U.S. 319 (1976) ................................. 9

Reno v. Flores, 507 U.S. 292 (1993) ........................................ 9

Rumsfeld v. Padilla, 542 U.S. 426 (2004) .................................. 4

Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011) ....................... 10, 13

Zadvydas v. Davis, 533 U.S. 678 (2001) ............................... 4

**Statutes**

8 U.S.C. § 1101(a)(15)(U) .................................................... 6

8 U.S.C. § 1226(a) ............................................................. 4, 5, 6

8 U.S.C. § 1226(e) .................................................................. 3

8 U.S.C. § 1357(a)(2) ............................................................ 14

28 U.S.C. § 2241 ..................................................................... 4, 8

## I. INTRODUCTION

1. Petitioner ABNER DANIEL LOPEZ MARTINEZ ("Petitioner"), A# 209-193-327, petitions for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his present civil immigration detention and seeking release or, alternatively, a prompt and constitutionally adequate individualized custody hearing.
2. Petitioner entered the United States in approximately 2017 without inspection. He has remained in the United States for approximately nine years and is presently in removal proceedings.
3. Petitioner has applied for asylum and has also pursued U nonimmigrant status based on his status as the victim of a robbery. These pending forms of relief do not themselves create an automatic entitlement to release, but they are highly relevant to an individualized assessment of flight risk and demonstrate Petitioner's substantial incentive to appear for immigration proceedings.
4. The EOIR Automated Case Information record identifies Petitioner as ABNER DANIEL LOPEZ MARTINEZ, A# 209-193-327, reflects that his removal case remains pending, and reflects a master calendar hearing scheduled for November 18, 2026, at 8:00 a.m. before Immigration Judge Hye Y. Chon at the Van Nuys Immigration Court.
5. ICE arrested Petitioner and he is presently confined at the Adelanto ICE Processing Center. He challenges continued detention without a constitutionally adequate individualized determination that incarceration is necessary to prevent danger or flight.
6. Immigration detention is civil, not punishment. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).
7. To the extent Petitioner's detention is governed by 8 U.S.C. § 1226(a), Congress expressly authorized release on bond or conditional parole. Petitioner seeks meaningful individualized process rather than categorical detention based merely on immigration status or manner of entry.

## II. JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in federal custody at the Adelanto ICE Processing Center within the Central District of California and alleges that his present detention violates the Constitution and laws of the United States.

9. Petitioner does not ask this Court to review the discretionary merits of an immigration judge's bond amount or to adjudicate his asylum or U-visa applications. He challenges the legal and constitutional adequacy of the process authorizing his present physical confinement. See Jennings v. Rodriguez, 583 U.S. 281 (2018).

10. Section 1226(e) restricts review of discretionary judgments under § 1226, but it does not eliminate habeas review of constitutional and legal challenges to detention procedures. Jennings, 583 U.S. at 295-96.

## III. VENUE

11. Venue and territorial habeas jurisdiction are proper in this District because Petitioner is presently confined at the Adelanto ICE Processing Center in San Bernardino County, California, within the Central District of California. The proper respondent to a core habeas challenge to present physical custody is ordinarily the immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

12. Respondent Eric Pinhero, identified herein as Warden of the Adelanto ICE Processing Center, is named as Petitioner's immediate custodian.

## IV. PARTIES

13. Petitioner Abner Daniel Lopez Martinez, A# 209-193-327, is presently detained at the Adelanto ICE Processing Center.

14. Respondent DAVID VENTURELLA is sued in his official capacity as Acting Director of U.S. Customs and Border Protection.

15. Respondent ERIC PINHERO is sued in his official capacity as Warden of the Adelanto ICE Processing Center and is Petitioner's immediate custodian.

16. Respondent MARKWAYNE MULLIN is sued in his official capacity as Secretary of Homeland Security.

17. Respondent TODD BLANCHE is sued in his official capacity as Attorney General of the United States.

## V. FACTUAL ALLEGATIONS

18. Petitioner entered the United States in approximately 2017 without inspection.

19. Petitioner has remained in the United States for approximately nine years and is presently in removal proceedings.

20. Petitioner's EOIR record reflects a pending case at the Van Nuys Immigration Court and a master calendar hearing presently scheduled for November 18, 2026, at 8:00 a.m.

21. Petitioner has applied for asylum and related protection.

22. Petitioner was identified as the victim of a robbery in the United States and has pursued U nonimmigrant status under 8 U.S.C. § 1101(a)(15)(U).

23. Petitioner's pending applications provide substantial incentive to remain available for proceedings and comply with immigration-court requirements.

24. ICE arrested Petitioner and placed him in immigration detention. Petitioner is presently confined at the Adelanto ICE Processing Center.

25. The presently supplied record does not establish the date, precise location, warrant circumstances, or asserted statutory basis of the arrest. Petitioner reserves the right to amend or supplement this Petition when those arrest records are obtained.

26. Petitioner has not received constitutionally adequate individualized process sufficient to test whether his continued incarceration is necessary based upon present danger or flight risk.

27. Reasonable alternatives to detention exist, including release on recognizance or conditional parole, monetary bond calibrated to ability to pay, reporting requirements, residence with a sponsor, and other appropriate conditions.

## VI. LEGAL FRAMEWORK

28. Section 1226(a) authorizes arrest and detention of a noncitizen pending a decision on removal and expressly authorizes release on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

29. Jennings held that § 1226(a) itself does not impose the six-month periodic bond-hearing requirement previously adopted through statutory construction. Jennings, 583 U.S. at 303-04. Jennings did not decide the constitutional claims that had been avoided below. Id. at 312.

30. The Supreme Court has recognized that detention during removal proceedings can serve legitimate regulatory purposes, including preventing flight and protecting the community. Demore v. Kim, 538

U.S. 510, 528 (2003). But civil detention must remain tied to legitimate nonpunitive purposes. See Zadvydas, 533 U.S. at 690.

31. Petitioner's approximately 2017 entry and subsequent years of residence are relevant to the statutory classification asserted by DHS. Respondents should be required to identify the precise detention statute they invoke and the factual and legal basis for it.

32. The constitutional position of a person who has effected an entry differs from that of an arriving noncitizen seeking initial admission. See Landon v. Plasencia, 459 U.S. 21, 32 (1982).

## VII. CLAIM ONE - FIFTH AMENDMENT PROCEDURAL DUE PROCESS

33. Petitioner realleges the preceding paragraphs.

34. The Fifth Amendment prohibits the Federal Government from depriving any person of liberty without due process of law.

35. Freedom from physical restraint is a fundamental liberty interest. Zadvydas, 533 U.S. at 690; Reno v. Flores, 507 U.S. 292, 301-02 (1993).

36. Procedural due process requires consideration of the private interest affected, the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards, and the Government's interests. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

37. Petitioner's private interest is exceptionally weighty because he is physically incarcerated. The risk of error is substantial if detention continues without a meaningful individualized determination of whether he presently poses a danger or flight risk.

38. An individualized hearing would permit consideration of Petitioner's actual circumstances, including his years of residence, pending removal proceedings, asylum application, U-visa process, status as a crime victim, sponsor, residence, family and community ties, employment history, criminal record or absence thereof, and available alternatives to detention.

39. Continued detention without constitutionally adequate individualized process violates the Fifth Amendment.

## VIII. CLAIM TWO - MEANINGFUL INDIVIDUALIZED BOND HEARING

40. Petitioner realleges the preceding paragraphs.

41. Where detention is under § 1226(a), the statutory framework contemplates individualized release determinations rather than mandatory detention in every case.

42. A constitutionally meaningful hearing must evaluate actual present danger and flight risk rather than treat entry without inspection as a categorical substitute for individualized analysis.

43. The Ninth Circuit has recognized the substantial liberty interest implicated by immigration detention and the importance of adequate procedural safeguards in bond proceedings. Singh v. Holder, 638 F.3d 1196, 1203-05 (9th Cir. 2011).

44. Petitioner should be permitted to present documentary evidence and live testimony, including evidence of sponsors, residence, community ties, pending relief, and alternatives to detention.

## IX. CLAIM THREE - BURDEN OF PROOF AND ALTERNATIVES TO DETENTION

45. Petitioner realleges the preceding paragraphs.

46. Allocation of the burden of proof materially affects the risk of erroneous deprivation of liberty. See Singh, 638 F.3d at 1203-05.

47. Petitioner requests a constitutionally adequate hearing at which the Government bears the burden of establishing by clear and convincing evidence that continued detention is necessary because Petitioner presents a danger to the community or an unacceptable risk of flight that cannot reasonably be mitigated by conditions.

48. Any monetary bond should account for Petitioner's ability to pay, and the decisionmaker should consider reasonable nonmonetary alternatives before continued incarceration is ordered.

## X. CLAIM FOUR - HABEAS RELIEF FROM UNLAWFUL CUSTODY

49. Petitioner realleges the preceding paragraphs.

50. Section 2241 authorizes this Court to determine whether Petitioner's present custody complies with federal law and the Constitution.

51. To the extent ICE arrested Petitioner without satisfying the statutory requirements for a warrantless immigration arrest under 8 U.S.C. § 1357(a)(2), Petitioner challenges the legality of that arrest. Because the presently supplied record does not establish the warrant facts, location, consent facts, or the Government's asserted basis for a warrantless arrest, Petitioner reserves the right to supplement this claim upon receipt of the arrest records.

52. Regardless of the legality of the initial seizure, Petitioner's continuing physical custody is a present deprivation of liberty that must rest on lawful authority and constitutionally sufficient process.

## XI. PRAYER FOR RELIEF

53. WHEREFORE, Petitioner respectfully requests that the Court:

54. A. Issue the writ of habeas corpus or an order to show cause requiring Respondents to establish the lawful basis for Petitioner's continued detention;

55. B. Declare that Petitioner's continued detention without constitutionally adequate individualized process violates the Fifth Amendment;

56. C. Order Petitioner's release from ICE custody subject to reasonable conditions of supervision; or, alternatively,

57. D. Order Respondents to provide Petitioner a prompt individualized custody or bond hearing, preferably within seven (7) days of the Court's order;

58. E. At that hearing, require constitutionally adequate procedures, including a meaningful opportunity to present documentary evidence and live testimony;

59. F. Require the Government to justify continued detention by clear and convincing evidence of danger or flight risk, or grant such burden allocation as the Court determines the Constitution requires;

60. G. Require consideration of reasonable alternatives to detention and, before imposing a monetary bond, Petitioner's ability to pay;

61. H. Prohibit reliance on Petitioner's 2017 entry without inspection as a categorical substitute for individualized assessment of present danger or flight risk; and

62. I. Grant such other and further relief as the Court deems just and proper.

Dated: September 24, 2026

**LAW OFFICES OF ANDY MIRI**
By: /s/ Andy A. Miri
ANDY A. MIRI, ESQ.
Attorney for Petitioner ABNER DANIEL LOPEZ MARTINEZ

**VERIFICATION**

I, ABNER DANIEL LOPEZ MARTINEZ, declare:

I am the Petitioner in this action. I have read the foregoing Petition for Writ of Habeas Corpus and know its contents. The factual matters stated therein concerning me are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on SEPT 19, 2026, at ADELANTO, CA.

ABNER LOPEZ MARTINEZ

ABNER DANIEL LOPEZ MARTINEZ

A# 209-193-327